# SUPREME COURT.

## ANDREW MURRAY vs. LEORID HASKINS.

Where a constable is sued, under the code, for acts done by him by virtue of his office, and recovers judgment against the plaintiff, he is entitled to recover *double costs*, under 2 R. S. 617, § 24 and 25.

(*It will be seen that this decision is directly adverse to the one in Hallenbeck* v. *Miller,* ante, *page* 239.)

*Erie Special Term, Jan.* 1850.—The defendant is a constable and was sued for acts done by him by virtue of his office. The cause was referred, and the referee made a report for the defendant. He now moves for an order directing the clerk to insert in the judgment double costs.

—— STEWART, *for the defendant.*

T. T. SHERWOOD, *for plaintiff.*

SILL, Justice.—The Revised Statutes provided, that if judgment be rendered for the defendant in an action against a public officer, appointed under the authority of this state, or elected by the people, for, or concerning any act done by virtue of his office, the defendant should recover his taxed costs, and one-half thereof in addition. (2 R. S. 617, § 24.)

It is under this provision that the defendant now claims to recover double costs. The plaintiff contends that this section has been repealed by the Code of Procedure. He relies upon the 303d section which repeals "all statutes establishing or regulating the costs or fees of *attorneys, solicitors and counsel* in civil actions," and provides that an allowance may be made to the prevailing party, of certain sums by way of indemnity, for his expenses in the action, which are in the code, "termed costs." Before the adoption of the code the fees of attorneys and counsel were fixed by statute and the prevailing party recovered against his adversary these fees as costs. Although the statute did not declare so in terms, yet the recovery of these fees was allowed then as now, in fact by way of indemnity for the expenses of the action. The code has established a tariff of allowances, which is in substance and for all practical purposes, a new fee bill under another name; and the object of the 303d section was to prepare the way for this new measure of recovery, for attorney's and counsel-fees. In doing so, it has repealed former fee bills, and also, (by a provision not affecting the present question) declared that these allowances in an action shall not govern the amount of compensation between attorney and client. The principle upon which a party is indemnified for being forced into an unjust litigation, is the same now as before.

Public officers are many times (especially executive officers,) from the nature of their duties, more exposed to prosecution than private citizens. And the object of the law under consideration (2 R. S. 617, § 24 and 25,) was to give them when wrongfully prosecuted in addition to the indemnity for expenses allowed to private individuals, some compensation for their own trouble about the suit, and also by an imposition, in the nature of a fine, upon the prosecutor, to afford them protection against vexatious and unfounded actions. The allowance above single costs belongs to the party, and no part of it goes to the attorney or counsel or other officer of the court, nor to the jurors or witnesses. They receive only their single fees, (§ 25.) The subject of this enactment and that of the fee bill are not kindred in their character, and have no necessary connection. The amount of the taxed costs in the suit is referred to incidentally in section 24, and is made the basis of a convenient rule, equitable in its general application to determine in every case the amount of the extra recovery. This does not make it a part of any statute "establishing or regulating the costs or fees of attorneys, solicitors or counsel."

These views give full scope and meaning to the *terms* of section 303: and I am satisfied that it was not designed to interfere with the statute giving public officers double costs. (See 1 Rept. of Com's on Practice, page 206, *et seq.*)

Sections 24 and 25, above cited from the Revised Statutes, are not inconsistent with the code; and they are substantially applicable to actions provided by it. They are therefore retained by section 471, a part of which is as follows: "Until the Legislature shall otherwise provide, this act shall not affect any existing statutory provisions not inconsistent with this act, and in substance applicable to actions hereby provided."

The clerk must insert in the judgment in this case the costs allowed by the code and fifty per cent. on that sum in addition thereto.